Dane v. Mace.

## DANE v. MACE.

The justice's certificate of the taking of a deposition did not state before whom the deponent was sworn. It was *held*, that a certificate made by the justice, after the depositions were returned to the court, and in no way connected with them, or with the original certificate of the taking, could not be received to remedy the defect.

ASSUMPSIT, upon a promissory note. Upon the trial the plaintiff offered a deposition, purporting to have been

taken in the Territory of Minnesota, October 16, 1857. The defendant objected to its admission, because it did not appear that the deponent made oath to the same *before* the certifying magistrate, or any other competent officer, and the court sustained the exception.

To supply the defect the plaintiff produced a paper, dated March 1, 1858, in the form of an *exparte* affidavit of the same witness, stating that the deposition in question was taken and the witness sworn before the magistrate who made the original certificate, on the day therein named ; but the jurat of this affidavit did not state *before* whom it was sworn, though it had the official signature of the same justice.

At the foot of this affidavit the justice made a certificate under his official signature that the deposition referred to in the affidavit was taken before him, at the time stated, and that the affiant was the same person who gave the deposition.

The defendant objected to the admission of this paper, but it was admitted, and the deposition read ; and the defendant excepted.

A verdict was taken for the plaintiff, and the defendant moves for a new trial for supposed error in this ruling.

*Morrison & Stanley*, for the plaintiff.

*Clark & Smith*, for the defendant.

BELL, J. In *Powers* v. *Shepherd*, 21 N. H. (1 Foster) 60, it was decided that it must distinctly appear, by the certificate of the taking of depositions, *before* whom they were taken and sworn. The original objection to the deposition in this case was therefore properly sustained.

In the case of *Currier* v. *Boston and Maine Railroad*, 31 N. H. (11 Foster) 210, a deposition was offered which had been taken in Illinois. There was the usual certificate of

Dane v. Mace.

the taking of the deposition, except that it was deficient in stating the hour of the day of the taking.

At the close of the deposition was a certificate of the commissioner in the form used in some other jurisdictions, of the taking of the deposition, in which the hour was stated, agreeably to the notice.

Objection having been made to the admission of the deposition, on the ground of the defect of the first certificate, it was held that the statute did not require any caption, but merely that the justice should certify certain facts; that it does not require any particular form or manner of certifying those facts, and that it is not material whether the magistrate includes the whole in one certificate or more, except as a matter of convenience.

Between that case and the present there is a marked line of difference. There, the two certificates were on the same sheets on which the deposition was written, and of course were enclosed, sealed up and transmitted by the magistrate to the court in the same envelope. Here, the second certificate is a separate and unconnected paper, made more than five months after the taking of the deposition, not transmitted to the court, but merely annexed to an *exparte* affidavit, and produced in court by the party.

The mere certificate of a fact, though made by an officer entitled to certify copies of records in his custody, is not evidence, except where he certifies such things as are at the time officially transacted before him. 1 Greenl. Ev. 544; *Boardman* v. *Paige*, 11 N. H. 431; 2 Cow. & Hill's Notes 239. Upon this principle the separate certificate of a magistrate, of any fact, is inadmissible as evidence, like a similar certificate made by any other person, though such fact might properly.form part of an official certificate. Thus the official certificate of a justice, that a deed was acknowledged before him on such a day by the grantor, written upon the deed itself, would be evidence of all the facts properly stated in it; but if the date or

name of the grantor was omitted in such a certificate, the separate certificate of the justice stating those facts would not be evidence of them.

If this was otherwise, the defects of the certificate required by law in cases of this kind, cannot be supplied by extrinsic evidence, either oral or in depositions; so that if the fact omitted in the certificate was proved by the deposition of the witness, regularly taken, the deposition would be inadmissible to supply the defect of the proper official certificate.

The course of practice in our courts, in the case of defects discovered in the certificates of the taking of depositions, has been long settled. The depositions are returned to the magistrate for amendment, or for a new certificate to be made, and to be again sealed up and transmitted to the court, as would be done if they had been accidentally transmitted without any certificate. It is the ordinary course to allow depositions to be taken from the files, in order that such amendments may be made.

It is not desirable that a practice so simple and convenient should be disturbed.

*New trial granted.*